# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00418-CV

---

**In re Kristen Gine' Straker**

---

### ORIGINAL PROCEEDING FROM BELL COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator has filed a petition for writ of mandamus complaining of the trial court's October 4, 2023 default divorce decree and all orders following it. She seeks "(a) partial affirmance of the single sentence dissolving the marriage, (b) reversal and remand of every remaining provision of the decree, and (c) strictly ministerial restitution and turnover relief—including a directive that the Office of the Attorney General credit or refund all improperly collected support to Relator."[1] Relator argues the divorce decree and all orders thereafter were "entered without lawful service, without compliance with the Servicemembers Civil Relief Act, and without the sworn financial disclosures or best-interest findings required under Texas law."[2]

"Mandamus is not an appropriate means of reviewing a final default judgment rendered while the trial court had jurisdiction to do so." *In re Barber*, 982 S.W.2d 364, 368

---

[1] Relator's Supplemental Statement Regarding Relator's Amended Petition for Writ of Mandamus.

[2] Relator's Amended Petition for Writ of Mandamus.

(Tex. 1998) (orig. proceeding); *see PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012) (discussing difference between void default judgments and voidable default judgments). "Instead, after the time for regular appeal has run, such a judgment may be attacked only by restricted appeal or equitable bill of review." *In re Barber*, 982 S.W.2d at 368.

Having reviewed the petition, the responses from the real parties in interest, and the record provided, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Filed: July 23, 2025